**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | **CASE NO: 2:06-cr-108-MHT** |
| | ) | |
| **GARETT ALBERT DYKES** | ) | |

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE
AND/OR A REQUEST FOR VARIANCE**

**COMES NOW** the defendant, Garett Albert Dykes, by undersigned counsel, and respectfully moves this Court to grant a downward departure from the Sentencing Guideline range determined in this matter. Mr. Dykes has demonstrated extraordinary acceptance of responsibility and remorse and under the factors of 18 U.S.C. §3553(a), a reasonable sentence in this case would be no more than 210 months.

A.   Sentencing Factors and Calculation

Under the advisory guidelines sentencing system, "the district court must first correctly calculate the defendant's guideline range, then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir.2005). The §3553(a) factors include the available sentences, the applicable guideline range and policy statements, the nature and circumstances of the offense, and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed

correctional treatment. 18 U.S.C. § 3553(a)." *U.S. v. Tapias-Vera*, 171 Fed.Appx. 271, 272 (11th Cir. March 14, 2006).

    1.    <u>The available sentence is substantial</u>.

As noted in the presentence report, the statute of which Mr. Dykes is now convicted has a mandatory minimum sentence of fifteen years (180 months) and a maximum of thirty years (360 months).

    2.    <u>The applicable guideline range and policy statements are contradictory.</u>

The guideline provision applicable to production of sexually explicit visual material, U.S.S.G. § 2G2.1, recommends a base offense level of 32, for an advisory sentencing range of 121 to 151 months, which is actually below the mandatory minimum statutory range. However, this minimum guideline range for this offense is increased by five years due to the age of the child involved, by another four years because of the commission of sexual contact, and by another five years because the minor involved was then in the temporary care of Mr. Dykes.[1] The advisory guidelines recommended by the presentence report further increase the guidelines minimum by another 70 months through the addition of two more offense level points, based on a guideline calculation for a hypothetical but nonexistent count of

---

[1] The base offense level of 32 leads to an advisory guideline range of 121 to 151 months; the addition of 4 points for the age of the child (§2G2.1(b)(1)) leads to an offense level of 36 and a range of 188 to 235; the addition of 2 points for the sexual contact (§ 2G2.1(b)(2)(A)) leads to an offense level of 38 and a range of 235 to 293 months, and the addition of 2 points for the temporary supervisory role (§ 2G2.1(b)(5)) leads to an offense level of 40 and a range of 292 to 365 months. A 3-point reduction in the offense level for acceptance of responsibility(§3E1.1(b)) would reduce the advisory guideline range to 37, and a range of 210 to 262 months.

conviction under U.S.S.G. § 2G2.1(d)(1), raising the potential sentence above the statutory maximum.[2]

To some extent, these advisory guidelines apply double-counting: a minor below the age of 12 would likely be in an adult offender's control and supervision precisely because of the minor's young age. It is difficult to visualize a set of facts which support the enhancement for age but not the enhancement for supervision.

In addition, the 2-point enhancement for non-existent second count of conviction violate the expressed guidelines policy of "charge offense" sentencing. With the creation of the Guidelines system of sentencing, Congress allegedly "sought to achieve 'honesty,' 'uniformity,' and 'proportionality' in sentencing." *U.S. v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 767 (2005). According to the Introduction to the Guidelines, the guidelines allegedly follow a policy of "charge offense" sentencing. See U.S.S.G. § 1A1.1, Part 4 ("The Guidelines' Resolution of Major Issues (Policy Statement)"), part (a) ("Real Offense vs. Charge Offense Sentencing"). A charge offense system is defined as one in which sentences are based "upon the conduct that constitutes the elements of the offense with which the defendant was charged and of which he was convicted." *Id*. As expressed in this policy, "sentencing traditionally concerns how, not whether, a defendant committed the crime. See United States Sentencing Commission, Guidelines Manual § 1A1.1, editorial note, § 4(a),

---

[2]An offense level of 42 has a guideline range of 360 months to life. The statutory maximum for this offense is 360 months.

3

p. 4 (Nov.2004)." *Oregon v. Guzek,* 126 S.Ct. 1226, 1232 (2006).[3]

Thus, adding seventy months for conduct which is not part of the elements of the offense of conviction and which was neither convicted nor charged violates this policy. Further, U.S.S.G. §2G2.1(d)(1), which recommends this additional sentencing calculation resulting in two more points for the hypothetical count, contradicts the policy expressed in other portions of the Guidelines, that "(t)he grouping provisions of the guidelines never apply unless there are 'multiple counts' of conviction in the federal prosecution. U.S.S.G. § 3D1.1, introductory cmt. (2003); see U.S.S.G. § 1A1.1 cmt. n. 1." *U.S. v. Hopkins*, 2006 WL 940614, at 2 (7th Cir.(Ill.).

3. <u>The nature and circumstances of the offense are limited.</u>

The offense consisted of the videotaping of Mr. Dykes' hand contact with the genitals of an eight year old friend of his daughter, while the minor was asleep as an overnight guest at his house. This conduct occurred on January 7, 2005, was reported to the police on January 9, and was admitted by Mr. Dykes on January 9. Mr. Dykes consented to the search of his home and the seizure of the resulting videotape.

---

[3]But see, *U.S. v. Brock*, 211 F.3d 88, 92 at n. 4, (4th Cir. 2000) ("The use of relevant conduct mirrors pre-guidelines practice, in which a sentencing judge could consider all factors relevant to sentencing. See *United States v. Castellanos*, 904 F.2d 1490, 1494 (11th Cir.1990). Consideration of relevant conduct in addition to the elements of the charge, i.e., the offense of conviction, lessens the impact on the ultimate sentence of the Government's decision to charge a defendant under a particular statutory section.")

   4. <u>The need for the sentence is met by the statutory range.</u>

  While all sentences are intended to "reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense," the severe and harsh sentence imposed by the statutory mandatory sentencing range obviously meets these purposes.

   5. <u>The need for adequate deterrence is met by the statutory range</u>.

Due to the extreme sentence which will be imposed pursuant to the mandatory statutory sentencing range, adequate deterrence will be established.

   6. <u>The need for the sentence to protect the public is met by the statute.</u>

  Because Mr. Dykes will be incarcerated for substantially over a decade[4], the public is protected.

   7. <u>The defendant's treatment will be inhibited by the harsh sentence</u>

Treatment for the mental illness which caused Mr. Dykes' conduct is available more readily and with more flexibility outside of prison. The Court's ability to monitor such treatment is improved by the Court's direct supervision, rather than through blind trust in the Bureau of Prisons.

---

[4] The maximum "good time" permitted by the Bureau of Prisons is 54 days per year, 18 U.S.C, §3624(b). This amounts to a maximum possible reduction of 14.79 percent, and more likely less reduction. See *Wright v. Federal Bureau of Prisons*, __ F.3d __, 2006 WL 1875464 (10th Cir., July 7, 2006)(good time credit may be applied to time actually served, not sentence imposed); *Moreland v. Federal Bureau of Prisons*, 431 F.3d 180 (5th Cir. 2005) (same). Thus, even a 15 year sentence would require a minimum of almost 13 years. The 210 month sentence "sought" by Mr. Dykes would at most be reduced to approximately 15 years. Moreover, the awarding of good time is discretionary with the Bureau of Prisons. *Id.*

B.   Justification for sentence of 210 months

1.   A downward departure is justified

Mr. Dykes committed this offense under extreme emotional stress and diminished capacity, justifying a departure under U.S.S.G. §5 K2.13. He has shown extraordinary acceptance of responsibility for this otherwise aberrant conduct.[5]

2.   A variance is justified.

A variance below the recommended guideline range is appropriate in light of the history and characteristics of Garett Dykes. There is no dispute that he has no criminal history. There is no dispute that he immediately acknowledged his guilt of the offense and cooperated in all law enforcement efforts, in an effort to mitigate the effects of the offense. There is no dispute that he has fully accepted responsibility for his actions.

There is also no dispute that, as exemplified in the description of his employment in the presentence report, Mr. Dykes has spent his life prior to January 2005 working for the good of others. He has the love and support of his family and friends, despite the direct harm his conduct has inflicted on them. He is "saveable."

The sentence of 210 months, or 17.5 years, reflects the seriousness of the offense, just punishment and adequate deterrence. While the Court may be limited to 5 years of

---

[5] Downward departures for crimes involving children are limited under U.S.S.G. § 5K2.0. A downward departure for aberrant conduct is prohibited by U.S.S.G. § 5K2.20 (a) (Nov. 2004 ed.) for offenses under Chapter 110 of Title 18 of the United States Code, which includes the offense of conviction. These mandatory prohibitions are surely removed by *Booker* and do not prevent the Court from consideration of facts otherwise supporting mitigation.

supervision of Mr. Dykes after completion of this lengthy sentence, the requirement that he register as a convicted sex offender will result in life-long monitoring of his behavior, punish him, limit his future employment possibilities, and deter future illegality.

WHEREFORE, Defendant prays that this Motion be granted.

Respectfully submitted,

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Garett A. Dykes
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-Mail: Christine_Freeman@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Susan Redmond, Esquire, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Garett A. Dykes
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL: (334) 834-2099
FAX: (334) 834-0353
E-Mail: Christine_Freeman@fd.org