IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. <u>2:06-CR-0108-MHT</u> |
| | ) |
| GARRETT ALBERT DYKES | ) |

**SUPPLEMENTAL SENTENCING BRIEF**

COMES NOW the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, pursuant to this Court's Order ("Order") (doc. #36), and files the above-styled brief as follows:

1. On September 12, 2006, this Court directed the parties to address different aspects of the presentence report in this matter as it relates to a recommended two-point enhancement for relevant conduct. In that Order this Court specifically directed the parties to address certain issues.

2. The second issue identified by this Court was whether the enhancement was warranted in light of the fact that the offense of conviction appears "not to be 'of a character for which § 3D1.2(d) would require grouping of multiple counts.'" Order, quoting U.S.S.G. § 1B1.3(a)(2). The Government concurs with the Court's characterization of the conviction's grouping status. Section 3D1.2(d) clearly exempts offenses which are covered by guideline section 2G1.2, the operable guideline section in this matter. Thus, a two-level enhancement for this relevant conduct would not appear to be appropriate in this matter. While caselaw addressing this issue as it relates specifically to § 2G2.1 is practically nonexistent, the Fifth Circuit has addressed the issue in an unpublished opinion, finding that a similar enhancement was not appropriate. <u>United States v. Hesson</u>, 46 Fed. Appx. 226 (5th Cir. 2002) (unpublished opinion).

3. Because the offense of conviction in this matter is not one with grouping characteristics,

issues one and three identified by this court (the timing of the relevant conduct and the fact that the relevant conduct was not charged, admitted to, or found by a jury) are moot.

    4. The Court's final issue (whether an evidentiary hearing to find out the existence of the relevant conduct beyond a reasonable doubt is necessary) is also moot as to this issue. However, the undersigned Assistant United States Attorney has spoken with defense counsel, Christine A. Freeman, Esq., Federal Defender, and the parties have agreed that, to the extent that this Court deems further findings on the evidence surrounding this offense necessary, based on the nature of the evidence and the age of the potential witnesses, the parties will provide the Court a stipulated recitation of facts that the parties agree would be found by a preponderance of the evidence.

    Respectfully submitted this the 21st day of September, 2006.

    LEURA G. CANARY
UNITED STATES ATTORNEY


/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
ASB-1901-O64T
Todd.Brown@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. NO. 2:06-CR-0108-MHT |
| | ) |
| GARRETT ALBERT DYKES | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Christine A. Freeman, Esq.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY


    /s/ Todd A. Brown
    TODD A. BROWN
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    (334) 223-7280
    (334) 223-7135 fax
    ASB-1901-O64T
    Todd.Brown@usdoj.gov