IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN  DIVISION

UNITED STATES OF AMERICA            )
                                    )
        V.                          )        CASE NO: 2:06-cr-108-MHT
                                    )
GARETT ALBERT DYKES                 )

DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

Pursuant to this Court's Order of September 12, 2006 (D.E. 36), Mr. Dykes submits

the following supplemental sentencing memorandum, addressing the questions raised by the

Court.

> 1.    The other conduct relied upon for the two-point enhancement
>       recommended at paragraphs 35 and 36 of the revised Pre Sentence Report
>       is not relevant conduct under U.S.S.G. § 1B1.3(a)(1).

The presentence  report  recommends that the enhancement created by U.S.S.G. §

2G2.1(d)(1) be applied to this sentencing.  (Presentence Report, paragraph 35).  That

provision states "If the offense involved the exploitation of more than one minor, Chapter

Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been

contained in a separate count of conviction."  While the specific language of this provision

relates to conduct involved in the "offense" of conviction, Application Note 5 to § 2G2.1

appears to direct that this provision be applied to "relevant conduct."[1]

However, the conduct relied upon in the presentence report does not meet the

---

[1] "Subsection (d)(1) directs that if the relevant conduct of an offense of conviction
includes more than one minor being exploited, whether specifically cited in the count of
conviction or not, each such minor shall be treated as if contained in a separate count of
conviction."  U.S.S.G. § 2G2.1, Application Note 5, last sentence.

definition of "relevant conduct" under U.S.S.G. § 1B1.3(a)(1).  That provision requires that the conduct be committed by the defendant "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection of responsibility for that offense."  As noted in the Court's order, the conduct relied upon in the presentence report is alleged to have taken place five days <u>before</u> the offense for which Mr. Dykes is being sentenced.  Thus, it necessarily did not occur during or to avoid detection for the offense of conviction, which had not yet occurred.  It also cannot be construed as "preparation for" the offense of conviction, since it involved entirely separate acts, involving a  different minor.  See *United States v. Hesson*, 46 Fed. Appx. 226 (5th Cir. 2002), at part III (defendant's unrelated acts with other minors were not "relevant conduct" to single count of conviction of violation of 18 U.S.C. § 2251(a)).

> **2.    The other conduct relied upon for the two-point enhancement recommended at paragraphs 35 and 36 of the revised Pre Sentence Report is not relevant conduct under U.S.S.G. § 1B1.3(a)(2).**

Section 1B1.3(a)(2) of the Sentencing Guidelines defines as "relevant conduct" all "acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction."  However, that provision also includes the restriction that this broad definition of "relevant conduct" be applied "**solely** with respect to offense of a character for which § 3D1.2(d) would **require** grouping of multiple counts . . ."  (emphasis added).

U.S.S.G. § 3D1.2(d) is titled "Groups of Closely Related Counts" and sets forth the

guidelines for determining when multiple convictions will be "grouped" for sentencing. That section **excludes** and prohibits from grouping any offense covered by U.S.S.G. § 2G2.1, the guideline used in the presentence report for Mr. Dykes (see Presentence Report, paragraph 24).[2] See also, *United States v. Kiel*, 454 F.3d 819, 822 (8th Cir. 2006) (defendant sentenced under 2G2.1, based on his guilty plea to five counts of production of child pornography which named six separate minors, was subject to non-grouping enhancement for multiple counts of conviction, because offenses do not group); *United States v. Robinson,* 1997 WL 136430 (D. Mass. 1997) at * 4 (fact that defendant was photographer who created child pornography in his possession was not "relevant conduct" under U.S.S.G. § 1B1.3(A)(2) because the applicable offense guideline is excluded from grouping under § 3D1.2(d)).

Thus, because § 3D1.2(d) **prohibits** grouping of multiple counts for the instant type of offense, the additional conduct does not meet the definition of "relevant conduct" under § 1B1.3(a)(2).

> 3.    **Under Eleventh Circuit case law, the court may consider evidence of facts not alleged in the information in this case, stipulated to in the plea agreement, admitted in Mr. Dykes' plea colloquy or found by a jury beyond a reasonable doubt.**

One of Mr. Dykes' objections to the presentence report recommendation is that the two-point enhancement recommended in paragraphs 35 and 35 is based on another offense

---

[2]The third paragraph of U.S.S.G. § 3D1.2(d) states "Specifically excluded from the operation of this subsection are . . . 2G2.1 . . ."

unrelated to the instant conviction,[3] which has neither been found true beyond a reasonable doubt by a jury nor stipulated to under oath by Mr. Dykes, and that use of this information to calculate a sentencing guideline violates the Fifth, Sixth and Eighth Amendments and Mr. Dykes' constitutional rights to presentment of a charge to a grand jury, to a jury trial, to due process, fundamental fairness, and the prohibition against excessive punishment.

The Supreme Court has held that if a trial judge "exercises his discretion to select a specific sentence within a defined range, the defendant has no right [under the Sixth Amendment] to a jury determination of the facts that the judge deems relevant." *U.S. v. Booker*, 543 U.S. 220, 233, 125 S.Ct. 738, 750 (2005). The Eleventh Circuit has held that if a district court applies the Guidelines as advisory, nothing in *Booker* prohibits the district court from making fact-findings under a preponderance-of-the-evidence standard, including factual findings that go beyond a defendant's admissions. *United States v. Chau*, 426 F.3d 1318, 1323-24 (11th Cir.2005); *U.S. v. Thomas,* 446 F.3d 1348, 1355 (11th Cir. 2006).

The Eleventh Circuit has also held that judicial fact-finding under an advisory Guidelines scheme does not violate the Fifth Amendment, where the resulting sentence is below the statutory maximum. *U.S. v. Hickman*, 175 Fed.Appx. 322, 325 (11th Cir. 2006). See also *U.S. v. Harden*, 37 F.3d 595, 602 (11th Cir. 1994) ("Due process requires that factual determinations at sentencing be supported by a preponderance of the evidence, and

---

[3]Mr. Dykes entered a guilty plea in state court on September 19, 2006 but, on information and belief, that plea did not include admission to the allegations alleged to be the basis of the enhancement proposed in paragraphs 35 and 36 of the instant presentence report.

that the defendant be on notice that such an amount is involved as may trigger enhancement.")

While the Eleventh Circuit and other federal circuits have addressed the Eighth Amendment in light of certain specific federal sentencing guidelines, such as the career offender provision of U.S.S.G. §4B1.1, or the crack-powder sentencing disparities of U.S.S.G. § 2D1.1, there does not appear to have been consideration of the general application of the Guidelines under the Eighth Amendment.

In *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976), the Supreme Court held that the Eighth Amendment consideration of the character and record of the individual offender and the circumstances of the particular offense as "a constitutionally indispensable part" of the capital sentencing process. In non-capital cases, the Supreme Court has held that the Eighth Amendment contains a "narrow proportionality principle" that "applies to noncapital sentences." *Ewing v. California*, 538 U.S. 11, 20 (2003).

In evaluating an Eighth Amendment challenge, the Eleventh Circuit has held that a court must first make "a threshold determination that the sentence imposed is grossly disproportionate to the offense." *United States v. Brant*, 62 F.3d 367, 368 (11th Cir.1995) (rejecting challenge to career offender provisions). If the court determines that the sentence is grossly disproportionate, the court must then consider the sentences imposed on others convicted in the same jurisdiction and the sentences imposed for commission of the same crime in other jurisdictions. *U.S. v. Raad*, 406 F.3d 1322, 1324 (11th Cir. 2005) (holding five-year mandatory minimum did not violate Eighth Amendment), citing *United States v. Reynolds*, 215 F.3d 1210, 1214 (11th Cir. 2000) (rejecting

Eighth Amendment challenge to the Armed Career Criminal Act).    It appears that the Court must

also consider evidence of the Congress' purpose, if any, in authorizing the disproportionate sentence.

*U.S. v. Harden*, 37 F.3d 595, 602 (11th Cir. 1994).

> **4.    If the Court were to find that applicable law permits a possible
> enhancement, as recommended in paragraphs 35 and 36 of the revised
> Presentence Report, this Court would be required to make fact findings
> which addressed the application of that law to the facts in this case.**

Should the Court decide that applicable law and Sentencing Guidelines arguably

permit the enhancement recommended in paragraphs 35 and 36 of the presentence report, this

Court may be required to conduct an evidentiary hearing on the applicable facts.[4]   In that

event, the Government and Mr. Dykes will jointly notify the Court of facts which the parties

agree would be established under a preponderance of the evidence standard, as agreed in the

Plea Agreement.

Respectfully submitted,

s/Christine A. Freeman
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Garett A. Dykes
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099

---

[4]But see *U.S. v. Hickman*,  175 Fed.Appx. 322, 325 (11th Cir. 2006).  However,
although the parties in the present case have assumed we "know" which factual
allegations are relied on by the presentence report for the proposed enhancement in
paragraphs 35 and 36, the presentence report does not itself specify the exact allegations.

6

FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2006, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing

to the following: Todd Brown, Esquire, Assistant United States Attorney, One Court Square,

Suite 201, Montgomery, Alabama 36104.

<u>**s/Christine A. Freeman**</u>
**CHRISTINE A. FREEMAN**
**TN BAR NO.: 11892**
Attorney for Garett A. Dykes
Federal Defenders
Middle District of Alabama
201 Monroe Street, Suite 407
Montgomery, AL 36104
TEL:  (334) 834-2099
FAX:  (334) 834-0353
E-Mail: Christine_Freeman@fd.org

7