RECEIVED

JUN 29 2007

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2007
THOMAS K. KAHN
CLERK

No. 06-15484
Non-Argument Calendar

---

D. C. Docket No. 06-00108-CR-T-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARETT ALBERT DYKES,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

(May 30, 2007)

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Garett Albert Dykes appeals his conviction for sexual exploitation of a child.

See 18 U.S.C. § 2251(a). Dykes argues that section 2251(a) is unconstitutional both on its face and as applied to his case on the ground that section 2251(a) is beyond the power of Congress under the Commerce Clause. We affirm.

We review the constitutionality of a challenged statute de novo. United States v. Ballinger, 395 F.3d 1218, 1225 (11th Cir. 2005).

Dykes recorded a videotape of himself fondling the genitals of an eight-year-old girl who was spending the night with his daughter. The recording occurred wholly in the State of Alabama and remained there. The camera and videotape used to produce the child pornography were manufactured outside the State of Alabama. Dykes pleaded guilty to one count of sexual exploitation of a child and reserved the right to argue on appeal that section 2251(a) is unconstitutional as applied to his conduct.

Dykes's argument that section 2251(a) is unconstitutional is foreclosed by our precedents. Section 2251(a) prohibits the production of child pornography "using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means." In United States v. Maxwell, 446 F.3d 1210, 1218 (11th Cir. 2006), we held that "it is within Congress's authority to regulate *all* intrastate possession of child pornography, not just that which has traveled in interstate commerce or has been produced using materials that have traveled in

interstate commerce." In <u>United States v. Smith</u>, 459 F.3d 1276, 1285 (11th Cir. 2006), we held that "Congress could have rationally concluded that the inability to regulate intrastate possession and production of child pornography would, in the aggregate, undermine Congress's regulation of the interstate child pornography market," and upheld the application of section 2251(a) to an individual who produced pornographic photographs using Kodak paper and processing equipment that had traveled interstate. In the light of <u>Maxwell</u> and <u>Smith</u>, Dykes's argument fails.

Dykes's conviction is

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals
Eleventh Circuit
By: [signature]
Deputy Clerk
Atlanta, Georgia